IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M.H., | Civil No. 1:26-cv-03032-MWJS |
| Petitioner, | ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS IN PART |
| vs. | |
| CHRISTOPHER CHESTNUT, et al., | A# 240-947-792 |
| Respondents. | |

## ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS IN PART

Petitioner David M.H.[1] is an immigration detainee proceeding with a petition for

a writ of habeas corpus under 28 U.S.C. § 2241.  Dkt. No. 1.  Petitioner entered the

United States without inspection over two decades ago and has continuously resided in

the country for more than twenty-two years.  *Id.* at pg. 9.  During this time, Petitioner

applied for an I-918 U visa, which provides legal status to victims of criminal activity.

He was not granted a U visa because the statutory cap had already been met in his

application year, but he was issued a "bona fide determination" of eligibility for a U

visa and received deferred action and work authorization as a result.  *Id.* at pg. 10; Dkt.

---

[1]      For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

No. 10, at pgs. 6-14.  Petitioner has maintained steady employment for the past 18 years, and is now the father of two U.S. citizen children.  *Id.*

Petitioner has also been convicted of two crimes while residing in the United States.  In 2019, he pled guilty to one misdemeanor count of driving under the influence in Salt Lake County, Utah, and in 2025, he pled guilty to another misdemeanor count of driving under the influence, also in Salt Lake County.  Dkt. No. 10-1, at pgs. 3-6, 15-16. In connection with his most recent conviction, Petitioner came to the attention of U.S. Immigration and Customs Enforcement (ICE), which obtained an administrative warrant for his arrest on July 27, 2025, *id.* at pg. 13, and took Petitioner into custody upon his release from Utah law enforcement custody on January 16, 2026.  Dkt. No. 1, at pg. 10.  Although Petitioner has not been found to be a danger to the community or a flight risk at a bond hearing—he has, in fact, not been afforded a bond hearing at all— he has been held in immigration detention ever since his transfer into ICE custody.  *Id.*

Petitioner now invokes this court's habeas jurisdiction, contending, among other things, that his detention without a bond hearing violates the Immigration and Nationality Act (INA).[2]  Dkt. No. 1, at pg 11.  Petitioner seeks various forms of relief, including a bond hearing.  *Id.* at pg. 12.

---

[2]     Petitioner also argues that his detention without a bond redetermination hearing violates his right to due process.  Dkt. No. 1, at pg. 12.  Much of Respondents' briefing on their Motion to Dismiss is directed at this issue, and the court thanks Respondents for their thorough and effective advocacy.  Given the relief granted by the court and the

Respondents filed a motion to dismiss the petition. Dkt. No. 10. Petitioner opposed the motion, Dkt. No. 12, and Respondents replied, Dkt. No. 13. In their briefing, Respondents argue that Petitioner's INA claim—Count I of the petition—should be dismissed because his detention is mandatory under 8 U.S.C. § 1225(b)(2), and he is not, therefore, entitled to a bond hearing. Many judges, both in this district and others, have rejected Respondents' argument that individuals in Petitioner's position are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Luis Alberto P.D.J. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-03382 (E.D. Cal. May 12, 2026); *Josias A.P.H. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-02879, 2026 WL 1166859 (E.D. Cal. Apr. 29, 2026); *Dector A.B.C. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-CV-03297, 2026 WL 1272460 (E.D. Cal. May 8, 2026); *Jose C.L.L. v. Chestnut*, No. 1:26-cv-03453, 2026 WL 1275305 (E.D. Cal. May 7, 2026). The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.

But Respondents contend that the court should not rule on Count I at this time. After all, Petitioner's claim under the INA appears to mirror those raised in *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025), *appeal docketed*, No. 25-6842 (9th Cir.

---

fact that Petitioner's due process argument is not fully developed, that claims is DENIED without prejudice.

Oct. 29, 2025).  Given that similarity, Respondents argue that Count I should be stayed pending the outcome of the appeal in *Rodriguez*.

Although Respondents' argument is well taken, the court concludes that a stay is not warranted under the circumstances presented here.  For one thing, Petitioner is correct that the "timeline for resolution [of *Rodriguez*] is uncertain" and that an indefinite stay would undermine the "swift and imperative remedy" that habeas is "designed to provide."  Dkt. No. 11, at pgs. 3-4.  For another, Respondents acknowledge that Petitioner has an upcoming removal hearing scheduled for May 21, 2026.  Dkt. No. 10-1, at pg. 32.  Under these circumstances, even a short stay would run the risk of rendering these proceedings moot—that is, the risk of precluding Petitioner from vindicating his statutory right to a bond hearing under the INA.

The court therefore declines to stay Count I.  The petition is GRANTED in part, to the extent Petitioner contends in Count I that he is entitled by statute to a bond hearing.  Respondents are ENJOINED AND RESTRAINED from continuing to detain Petitioner unless they demonstrate, within seven days of the date of this order, that Petitioner has received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a) and its implementing regulations.  Respondents shall file a status report within ten days of the date of this order, confirming whether a bond hearing has been held and, if so, the outcome of that hearing.

4

The decision to forego a stay and to order a bond hearing should not be read as any reflection on the merits of Petitioner's case.  The Immigration Judge is free to take into consideration the imminent removal hearing and its effect, if any, on the question of whether Petitioner presents a risk of flight.  The court's grant of the petition on Count I reflects only its conclusion that the INA requires that Petitioner be granted a bond hearing (whatever its result on the merits), as well as its judgment that a stay would be incompatible with the "swift and efficient" relief habeas proceedings are designed to effectuate.  *Preiser v. Rodriguez*, 411 U.S. 475, 495 (1973).

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

DATED:  May 13, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-cv-03032-MWJS; *David M.H. v. Christopher Chestnut*; ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS IN PART